IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE A.S.M., and : | |
| JANE DOE M.L.R.M., and : | CIVIL ACTION NO. 25-3144 |
| JANE DOE E.R.R., and : | |
| JANE DOE E.G.P., and : | JURY TRIAL DEMANDED |
| JOHN DOE A.A.C., : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| : | |
| v. : | |
| : | |
| THE CHEESECAKE FACTORY, INC. : | |
| and THE CHEESECAKE FACTORY : | |
| BAKERY, INC., and THE : | |
| CHEESECAKE FACTORY : | |
| RESTAURANTS, INC., JOHN DOES : | |
| 1-100, and ABC ENTITIES 1-10, : | |
| : | |
| **Defendants.** : | |

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM ANONYMOUSLY**

Plaintiffs John Doe A.S.M., Jane Doe M.L.R.M., Jane Doe E.R.R., Jane Doe E.G.P., and John Doe A.A.C. hereby moves the Court for permission to proceed in this action anonymously under the pseudonyms "John Doe A.S.M.," "Jane Doe M.L.R.M.," "Jane Doe E.R.R.," "Jane Doe E.G.P.," and "John Doe A.A.C." In support of this motion, Plaintiffs rely upon their supporting memorandum and the record in this case and states:

1. This case arises from the discrimination, harassment, abuse, and trafficking of Plaintiffs by Defendants The Cheesecake Factory, Inc., The Cheesecake Factory Bakery, Inc., and The Cheesecake Factory Restaurants, Inc. at the Cheesecake Factory located at 2500 W Moreland Rd #3225, Willow Grove, PA 19090.

2. Plaintiffs allege that they were subjected to years of mistreatment, discrimination, and

1

trafficking. Plaintiffs allege that Defendants facilitated the procurement of false and fraudulent identification and immigration documents by Plaintiffs for the purpose of exploiting Plaintiffs on the basis of their national origin and their fear of deportation from the United States.

3. On or about June 19, 2025, Plaintiffs filed their Complaint in the United States District Court of the Eastern District of Pennsylvania.

4. The Third Circuit will "allow a party to proceed anonymously" where a Plaintiff has shown "(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D.Pa. 2001) *citing Doe v. Provident Life & Acc. Ins. Co.,* 176 F.R.D. 464, 467 (E.D. Pa. 1997).

5. Courts in this District have found that an immigrant's fear of removal from the country and separation from their families are legitimate bases to protect the identity of those immigrants from public disclosure. *Lozano v. City of Hazleton*, 239 F.R.D. 397, 399 (M.D. Pa. 2006).

6. Plaintiffs all have a reasonable fear of severe harm and fears of stigmatization by the public, friends, and business associates and have substantial fear of increased humiliation, embarrassment, and emotional distress if their identities are made public. Plaintiffs all have a reasonable fear of severe harm in the form of deportation and/or further discrimination on the basis of their national origin if their identities are made public. Anti-immigrant sentiment is at a flash point in the United States, with news coverage being dominated by stories of deportation, protests, and violence and intimidation being perpetrated by individuals posing as government authorities.

7. Because disclosure of Plaintiffs' identities and immigration status would cause severe fear, anxiety, stress, compound the severe emotional distress already suffered, and expose them to deportation and/or separation it is necessary that they be permitted to proceed using pseudonyms.

8. Each of Defendant has been or will be made aware of Plaintiffs actual identities and allowing them to proceed under pseudonym will in no way deprive Defendants of notice of this claim or prejudice them in any way in defending against these claims.

9. Allowing Plaintiff to proceed under pseudonym will not interfere with the public's right to follow the proceedings, which will still be open to the public while maintaining the confidentiality of Plaintiffs' identities.

10. Counsel for Plaintiffs has contacted counsel for Defendants requesting their position on this Motion. As of the filing of this Motion there has been no response.

WHEREFORE, for these reasons articulated herein as well as those contained in the Memorandum of Law filed in Support of the instant Motion, Plaintiffs respectfully request that this Honorable Court enter the proposed Order granting the requested relief that permits Plaintiffs to proceed in this action under pseudonym.

**LAFFEY, BUCCI, D'ANDREA, REICH & RYAN, LLP**

By: */s/ M. Stewart Ryan, Esq.*
M. Stewart Ryan, Esq.
sryan@laffeybucci.com
Alexandria MacMaster, Esq.
amacmaster@laffeybucci.com
Brenda Harkavy, Esq.
bharkavy@laffeybucci.com
1100 Ludlow Street. Suite 300
Philadelphia, PA 19107
Telephone: 215-399-9255
Facsimile: 215-857-0075
*Attorneys for Plaintiff*

Dated: June 19, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE A.S.M., and** : | |
| **JANE DOE M.L.R.M., and** : | **CIVIL ACTION NO.** |
| **JANE DOE E.R.R., and** : | |
| **JANE DOE E.G.P., and** : | **JURY TRIAL DEMANDED** |
| **JOHN DOE A.A.C.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| : | |
| **v.** : | |
| : | |
| **THE CHEESECAKE FACTORY, INC.** : | |
| **and THE CHEESECAKE FACTORY** : | |
| **BAKERY, INC., and THE** : | |
| **CHEESECAKE FACTORY** : | |
| **RESTAURANTS, INC., JOHN DOES** : | |
| **1-100, and ABC ENTITIES 1-10,** : | |
| : | |
| **Defendants.** : | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

COMES NOW the Plaintiffs John Doe A.S.M., Jane Doe M.L.R.M., Jane Doe E.R.R., Jane Doe E.G.P., and John Doe A.A.C., by and through the undersigned counsel, to respectfully move this Honorable Court to allow them to proceed under pseudonym and in support states as follows:

**I.   BACKGROUND**

This case arises from the discrimination, harassment, abuse, and trafficking of Plaintiffs by Defendants The Cheesecake Factory, Inc., The Cheesecake Factory Bakery, Inc., and The Cheesecake Factory Restaurants, Inc. at the Cheesecake Factory located at 2500 W Moreland Rd #3225, Willow Grove, PA 19090. Plaintiffs allege that they were subjected to years of mistreatment, discrimination, and trafficking. Plaintiffs allege that Defendants facilitated the procurement of false and fraudulent identification and immigration documents by

1

Plaintiffs for the purpose of exploiting Plaintiffs on the basis of their national origin and their fear of deportation from the United States.

On or about June 19, 2025, Plaintiffs filed their Complaint in the United States District Court of the Eastern District of Pennsylvania.

Anti-immigrant sentiment is at a flash point in the United States, with news coverage being dominated by stories of deportation, protests, and violence and intimidation being perpetrated by individuals posing as government authorities.

"Federal courts have long approved the practice of pseudonymous litigation" and a Plaintiff may be excused from identifying herself if the Court concludes that the Plaintiff has a strong interest in protecting her privacy or security. *See Doe v. Provident Life & Acc. Ins. Co.,* 176 F.R.D. 464, 466 - 67 (E.D. Pa. 1997); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D.Pa. 2001) ("[T[he public's ... right of access should prevail unless [the party requesting pseudonymity] demonstrates ... that his interests in privacy or security justify pseudonymity.")

In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## II.    ARGUMENT

Generally, a Complaint must identify the name of the Plaintiff. *See* Fed. R. Civ. P. 10(a). Plaintiffs are, however, permitted to proceed anonymously in certain circumstances. *See Provident Life,* 176 F.R.D. 464, *supra*; *Evans*, 202 F.R.D. 173, *supra*; *Doe v. United Behavioral Health*, 2010 WL 5173206 (E.D. Pa. 2010); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006).

2

Courts within the Third Circuit analyze motions to proceed anonymously under the following non-exhaustive factors, which weigh in favor of anonymity for Plaintiff in the instant case:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Provident Life,* 176 F.R.D. at 467-68.

On the other hand, the following non-exhaustive factors disfavor anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Provident Life*, 176 F.R.D. at 467-68; *see Megless*, 654 F.3d at 409. Under this analysis, no single factor is dispositive.

Courts within this District and the Third Circuit, have permitted plaintiffs to proceed anonymously where there exists good cause for doing so, as is the case here. *See, e.g., T.A. v. Allen*, 544 Pa. 661; 676 A.2d 1201(Pa. 1996); *Provident Life,* 176 F.R.D. at 470 (permitting plaintiff-insured to proceed anonymously when he suffered from several psychiatric ailments at issue in the litigation and revelation of his name would do him personal and professional harm); *Evans*, 202 F.R.D. at 176 (allowing adult plaintiffs who alleged they were victims of sexual exploitation to proceed anonymously because the court found that the public has an interest in "protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate

their rights."); *Doe v. United Behavioral Health*, 2010 WL 5173206 (E.D. Pa. 2010) (permitting adult plaintiff to proceed anonymously when litigation placed her mental health diagnoses at issue and she feared humiliation and retribution); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (same).

Courts in this District have specifically found that an immigrant's fear of removal from the country and separation from their families are legitimate bases to protect the identity of those immigrants from public disclosure. *Lozano v. City of Hazleton*, 239 F.R.D. 397, 399 (M.D. Pa. 2006). The same court determined that public disclosure of an immigrants identity in connection with litigation could cause them "to become targets of intense anti-immigrant and anti-Latino sentiment." *Id. citing Zeng Liu v. Donna Karan Internat'l, Inc.,* 207 F.Supp.2d 191, 193 (S.D.N.Y.2002) (holding that plaintiff's immigration status need not be disclosed because to do so, even if the parties agreed not to disclose the information, would create " 'the danger of intimidation, the danger of destroying the cause of action,' and would inhibit plaintiffs in pursuing their rights."). Courts in the Eastern District have also found that "references to a party's immigration status expose that party to a substantial risk of unfair prejudice." *Andrade v. Walgreens-Optioncare, Inc.*, 784 F. Supp. 2d 533, 535 (E.D. Pa. 2011) (collecting cases).

In addition, other federal courts have approved the use of pseudonyms in litigation including when done to preserve the plaintiff's privacy and avoid the humiliation arising in cases involving severely sensitive personal matters. *See*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) ("'we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.") *citing*, *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981); *James v. Jacobsen*, 6 F.3d 233, 242 (4th Cir. 1993) ("[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials - including identification of

parties and witnesses by their real names - should yield in deference to sufficiently pressing needs for party or witness anonymity."); F.R.C.P. 5.2(a)(3); *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont. 1974) (pseudonyms allowed in "matters of a sensitive and highly personal nature."); *Poe v. Ullman,* 367 U.S. 497 (1961); *Doe v. Carleson,* 356 F.Supp. 753 (N.D. Cal. 1973); *Webster v. Doe,* 486 U.S. 592 (1988); *Doe v. United Serv. Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y. 1988); *Doe v. Chafee,* 355 F.Supp. 112 (N.D.Cal. 1973); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir. 1979); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir. 1979).

    Here the overwhelming balance of factors to be considered and interests at issue weigh in favor of permitting Plaintiffs to proceed anonymously. Plaintiffs have brought their case as identified victims of human trafficking. Further, each of the Plaintiffs is an undocumented immigrant residing in the United States and has a legitimate and reasonable fear of severe harm including deportation. Even if not deported, each of the Plaintiffs has a legitimate and reasonable fear of being subjected to intimidation, harassment, or worse, given the current social and political climate in the United States with respect to immigration and immigration status.

    Each of the factors articulated in *Provident Life* weigh in favor of allowing Plaintiff to proceed under a pseudonym. First, Plaintiffs have taken every step possible to maintain their confidentiality, as they have not disclosed their identity in any filings related to public proceedings or otherwise made their identity public.

    Second, Plaintiffs' fears of increased embarrassment, humiliation, and stigmatization would compound the severe emotional damage caused by the alleged actions of Defendants if their identities were disclosed.

    Third, there is a lessened interest on the part of the public to be made aware of the identity of the litigant since this case will still be litigated publicly, and the only information being withheld

from the public would be the identity of the Plaintiffs.

Fourth, while there may be a public interest in this case (although there is no known reporting or media coverage surrounding this matter), there is nothing that will prevent the public from following these proceedings, even while Plaintiffs' identity remains confidential. Again, the Eastern District has already drawn the same conclusion on other cases and considered this to weigh in favor of Plaintiffs. *See Provident Life*, 176 F.R.D. at 469.

Fifth, there is a very real potential for a chilling effect in that Plaintiffs (and others) may refuse to participate and/or come forward to assist this litigation should Plaintiffs be precluded from using a pseudonym.

Sixth, and finally, there is absolutely no indication that Plaintiffs' desire to remain anonymous is rooted in an illegitimate motive. Accordingly, Plaintiffs have plainly articulated a reasonable fear of severe harm.

Further, none of those factors weighing against anonymity articulated in *Provident Life* are present here to such a degree that they outweigh those factors articulated above. In fact, the *only* factor which militates against allowing Plaintiffs to use a pseudonym in this case is the general public's interest in access to the public identities of the litigants (which is actually inapposite the rationale of *Evans*). It should be noted that, to the extent this factor is considered, it would be true in every civil case, as well as in every case where this and other courts have granted motions to proceed anonymously.

Finally, and to reiterate, the Defendants will not be prejudiced whatsoever by Plaintiffs proceeding anonymously. Accordingly, there is no possibility of Defendants demonstrating that their right to conduct discovery will be hampered by Plaintiffs' use a of a pseudonym. In seeking the protection of a pseudonym, Plaintiffs simply seeks to withhold their identity from the public docket.

III.     **CONCLUSION**

WHEREFORE, Plaintiffs respectfully asks this Honorable Court to permit them to proceed anonymously throughout this litigation.

**LAFFEY, BUCCI, D'ANDREA,
REICH & RYAN, LLP**

By: /s/ *M. Stewart Ryan, Esq.*
M. Stewart Ryan, Esq.
sryan@laffeybucci.com
Alexandria MacMaster, Esq.
amacmaster@laffeybucci.com
Brenda Harkavy, Esq.
bharkavy@laffeybucci.com
1100 Ludlow Street. Suite 300
Philadelphia, PA 19107
Telephone: 215-399-9255
Facsimile: 215-857-0075
*Attorneys for Plaintiff*

Dated: June 19, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE A.S.M., and | : |
| JANE DOE M.L.R.M., and | : CIVIL ACTION NO. |
| JANE DOE E.R.R., and | : |
| JANE DOE E.G.P., and | : JURY TRIAL DEMANDED |
| JOHN DOE A.A.C., | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| | : |
| v. | : |
| | : |
| THE CHEESECAKE FACTORY, INC. | : |
| and THE CHEESECAKE FACTORY | : |
| BAKERY, INC., and THE | : |
| CHEESECAKE FACTORY | : |
| RESTAURANTS, INC., JOHN DOES | : |
| 1-100, and ABC ENTITIES 1-10, | : |
| | : |
| **Defendants.** | : |

## ORDER

AND NOW, this ____ day of _____, 202__, upon consideration of Plaintiffs' Motion to Proceed Anonymously and corresponding Memorandum and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED as follows:

(1) Plaintiff John Doe A.S.M., shall proceed with a pseudonym and the docket shall continue to reflect Plaintiff John Doe A.S.M.'s name as John Doe A.S.M.;

(2) Plaintiff Jane Doe M.L.R.M., shall proceed with a pseudonym and the docket shall continue to reflect Plaintiff Jane Doe M.L.R.M.'s name as Jane Doe M.L.R.M.;

(3) Plaintiff Jane Doe E.R.R., shall proceed with a pseudonym and the docket shall continue to

reflect Plaintiff Jane Doe E.R.R.'s name as Jane Doe E.R.R.;

(4) Plaintiff Jane Doe E.G.P., shall proceed with a pseudonym and the docket shall continue to reflect Plaintiff Jane Doe E.G.P.'s name as Jane Doe E.G.P.;

(5) Plaintiff John Doe A.A.C., shall proceed with a pseudonym and the docket shall continue to reflect Plaintiff John Doe A.A.C.'s name as John Doe A.A.C.

(6) Plaintiffs shall be referred to by their pseudonym in all depositions, pleadings and other documents publicly filed in this litigation and in all public proceedings held before this Court;

(7) Plaintiffs' identities shall be available to the attorneys of record and in-house counsel for Defendants, who shall not disclose or permit disclosure thereof, except to their law partners, associates, and persons employed in the law offices of such attorneys;

(8) Each person whom any Plaintiffs' identity is disclosed pursuant to this Order shall agree in advance that he or she will not disclose any Plaintiffs' identity to any other person;

(9) In the event Defendants believe it is necessary in the defense of the claims for one or more of them to disclose any Plaintiffs' identity to persons other than those specified in this Order, Defendants shall communicate with Plaintiffs' counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE A.S.M., and <br> JANE DOE M.L.R.M., and <br> JANE DOE E.R.R., and <br> JANE DOE E.G.P., and <br> JOHN DOE A.A.C., <br><br> **Plaintiffs,** <br><br> v. <br><br> **THE CHEESECAKE FACTORY, INC. and THE CHEESECAKE FACTORY BAKERY, INC., and THE CHEESECAKE FACTORY RESTAURANTS, INC., JOHN DOES 1-100, and ABC ENTITIES 1-10,** <br><br> **Defendants.** | : CIVIL ACTION NO. <br><br> : JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record in this matter via the Court's CM/ECF system on this the 19th day of June, 2025.

I hereby further certify that a copy of the foregoing will be served on the Defendants at the time service is perfected.

                                         **LAFFEY, BUCCI, D'ANDREA,**
                                         **REICH & RYAN, LLP**

                                         By: */s/ M. Stewart Ryan, Esq.*
                                         *Attorney for Plaintiff*